21-MJ-7320-JCB

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A CRIMINAL COMPLAINT

I, Virginia Benda, a Special Agent with the Federal Bureau of Investigation ("FBI"),

being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have

been so employed for approximately five and a half years. I am currently assigned to the Boston

Division, Child Exploitation Task Force. While employed by the FBI, I have investigated federal

criminal violations related to, among other things, the online sexual exploitation of children.  I

have received training in the area of child sexual abuse material and child exploitation, and have

had the opportunity to observe and review numerous examples of child pornography (as defined

in 18 U.S.C. § 2256) in all forms of media, including computer media.  I have received training in

the investigation of child pornography and child exploitation and have had the opportunity to

observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2.      I make this affidavit in support of a criminal complaint charging Hector

ACEVEDO, YOB 1990, with one count of sexual exploitation of children, in violation of 18

U.S.C. § 2251(a) and (e).

3.      The facts in this affidavit come from my own personal involvement in the

investigation and my personal observations; my review of records, including reports prepared by

other law enforcement agents; and information obtained from other agents and witnesses.  This

affidavit is intended to show merely that there is probable cause to secure a criminal complaint

and does not set forth all of my knowledge about this matter.  Where statements of others are set

forth in this affidavit, they are set forth in substance and in part.

1

## PROBABLE CAUSE

4.      Based on information obtained from other agents as well as my review of written reports from the local police department,  I am aware that in May 2021, an adult female in Ohio reported to the local police department that her 13-year-old daughter ("Minor A," YOB 2007), residing in Ohio,[1] had been receiving messages that were sexual in nature from an individual (hereinafter, the "Subject") who was using telephone number (XXX) XXX-0460 (the "Subject Phone Number").

5.      Law enforcement extracted and examined Minor A's cell phone with her mother's consent, and sexually explicit text messages exchanged with the Subject Phone Number were recovered.  The matter was referred to FBI in Cincinnati, and later FBI in Boston.

6.      Based on an initial forensic interview and a subsequent interview of Minor A, law enforcement learned that, in or around May 2021, the user of a particular TikTok account[2] began interacting with Minor A via TikTok.  Over TikTok, the individual asked for Minor A's cell phone number, which she gave him, and he subsequently video chatted with her via Google Duo[3] and texted with her from the Subject Phone Number.  Accordingly, I believe that the Subject was the user of the TikTok account.

---

[1] The identities of Minor A and Minor A's mother are known to law enforcement but redacted here to protect the child's privacy.

[2] TikTok is a video-sharing social networking application ("app") that allows users to create and post short videos of 15 seconds to three minutes.  Users can send their friends videos, emojis, and messages with direct messaging within the application. The username associated with the account is known to law enforcement but redacted here to protect the integrity of ongoing investigations related to ACEVEDO's use of this and other accounts to sexually exploit children.

[3] Google Duo is an app that allows users to communicate by voice, text, and video.

7.      The Subject, who told Minor A he was 17 years old, told Minor A that he wanted to see her naked and asked Minor A to send pictures of her body via text message.  Minor A told law enforcement that, in response, she took one or two naked pictures of herself using the timer on her camera and texted it or them to the Subject.[4]

8.      In the interview, the Minor A advised that when she and the Subject were video chatting via Google Duo, the Subject did not show his whole face; however, she saw part of the Subject's face, and he looked "mixed" with "a little" facial hair.  During the video chats, the Subject asked to see Minor A naked.  Minor A advised she got naked at the request of the subject while they were on the video chat.  Minor A showed the front of her body, from head to toe, to the Subject via her phone's video camera, and then showed the back of her body, as the Subject told her to turn around. Minor A advised she was only wearing socks.  Minor A believes the Subject saw the front and the back of Minor A.

9.      I have reviewed certain data from the extraction of Minor A's cell phone, including two naked images of Minor A:[5]

---

[4] During the interview of Minor A, she stated that she sent the photo or photos via text message.  However, law enforcement who completed a forensic review of her phone were not able to locate such messages in the extraction of her phone.  Law enforcement involved in the review of the extraction believed that some messages had been deleted because it appeared some messages were missing.

[5] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals.  *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause).  Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography."  *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*).  The child described herein is known to be 13 years old.  Furthermore, the descriptions of the files here, coupled with the text communications, clearly demonstrate the sexual nature of the images and conduct that the Subject asked Minor A to livestream for him, such that the Court need not view the files to find

3

a.   An image with the file name *Screenshot_20210516-150638.png* depicts Minor A standing naked and facing the camera. Minor A is looking at the camera straight on, and is visible from her feet to the top of her head, with one of her hands out of the frame. Minor A is only wearing socks; her face, breasts and genitalia are visible. Metadata indicate that it was "created" on May 16, 2021; although I do not have sufficient information at this time to definitively state that the metadata mean that the photo was *taken* on that date versus potentially copied or edited, I note that May 16 is one of the dates on which Minor A communicated with the Subject.  Based on the angle of the photograph, I believe that the image is consistent with having been taken by Minor A using her camera's timer setting, as she recounted in her interview.

b.   An image with the file name *60751.jpg* depicts Minor A standing naked and facing the camera. Minor A is looking at the camera straight on, and is visible from her feet to the top of her head, with one of her hands out of the frame. Minor A is only wearing socks; her face, breasts and genitalia are visible.   This image appears to be the same as the prior image, but appears to be resized based on the proportions

---

that there is probable cause. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images or provide a sufficiently specific description of the images to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); see also *United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice").   Where I have included such nonconclusory, sufficiently specific description of the files, specifically in the context of the text communications the Subject sent Minor A as he solicited her to livestream video of herself engaged in sexual conduct, this Court need not view the imagery to find that they depict child pornography.   Nonetheless, the described imagery is available for review at the Court's request.

compared to the previous image described.  All other aspects of the image, to include what is visible in the image and the way Minor A is standing, are the same as the previous one.  Metadata indicate it was "created" on June 4, 2021.  Again, I do not have sufficient information at this time to definitively state that the metadata mean that the photo was taken on that date versus potentially copied or edited on that date. [6]

10.     Minor A stated that the Subject said that he wanted her address and the Subject was going to send "his buddy." [7]   Minor A advised she gave the Subject a "random address" and did not actually meet with the Subject.  I have reviewed text messages from Minor A's phone extraction that demonstrate that, after Minor A apologized to the Subject for giving him a false address, the Subject stated that she could "make it up to" him by engaging in sexually explicit conduct via video chat, as outlined below.

11.     Minor A stated that the Subject did not speak much when they were video chatting, but instead sent written text messages describing what he wanted her to do.  I have reviewed messages between the Subject and Minor A that were located on Minor A's phone extraction and believe that certain of them are consistent with this description, as detailed below:

May 16, 2021:

Subject: I gave him ur address now he's putting gas in the car
Minor A: Okay

---

[6] Two images of the back of Minor A's body were also located on her phone.  In these photos, the minor is visible from behind from her head to her ankles.  She appears to be wearing a sports bra or a tank top that is pulled up.  She is naked from the middle of her back to her ankles, exposing her buttocks.

[7] Text messages included in paragraph 11 indicate that the Subject told Minor A that his buddy would pick her up.

May 17, 2021:

    Minor A: Hi Im sorry
    Minor A: Answer please
    Subject: Wat u want tho
    Minor A: I was just to talk to you please
    Subject: So talk
    Minor A: So you remember when you asked your buddy to pick me up and
    I gave you the wrong address
    Minor A: ????
    Subject: Wat does that have to do with me tho ?
    Minor A: I don't know
    Subject: U at the spot !?
    Minor A: No because I got scared and it was your buddy and not you
    …[8]
    Subject: U Wana make it up to me then head home or someplace private nd
    video call me
    Minor A: Ok
    Minor A: My dad is so strict
    Subject: He's not in ur room so let's get it
    Minor A: He checks on me every 4 minutes
    Minor A: I'm not
    Subject: That top tho
    Subject: Get rid of it
    Minor A: I have you what you want
    Minor A: Yes yesterday
    …
    Subject: We in video chat now tho
    …
    Minor A: What do you want from me ?
    Subject: I wana see it while we on here
    Subject: I Wana watch u remove ur top nd bottoms bae
    Minor A: I'm on my period ok I can't right now
    Subject: Jus do it I Wana see it all
    …
    Minor A: Are you going to call me
    Subject: Yesss one sec koo
    Minor A: But I want to see you naked ok
    Minor A: Bubs
    Subject: Yea so do wat I ask then ma den u get ur wish ight
    …
    Subject: Do the top bae

---

[8] Ellipses indicate that I have excluded messages that I do not believe are relevant for the purposes of the Complaint.

Minor A: Okay
Subject: Play with them bae
Minor A: What?
Subject: Play with ur tits
Minor A: Why
Minor A: ?
Minor A:  You want to see them here you go
Subject: Do it bae
Minor A: How?
Subject: Squeeze them lightly nd push them together
Minor A: I Don't know how
Minor A: Ok
Subject: Push them together
Minor A: Okay
Subject: Hold them there
Minor A: Ok
Minor A: For how long
Subject: Few sec
Minor A: Okay
Subject: Stand up bae
Minor A: Ok
Minor A: And do what
Subject: Stand
Minor A: Ok
Subject: Set the phone down pointing at u
Subject: Pull them down
Minor A: Ok
Subject: Sit like that nd open ur legs bae
Minor A: Ok
Subject: Spit on ur fingers bae
Minor A: Okay
Subject: Who was that ?
Minor A: My dad
Subject: Wat he say ?
Minor A: What are you doing naked
Subject: U was changing ur pad
…
Subject: I thought u was guna have to do something for him to keep quite
bae
…
Subject: How come u haven't ask ur pops to teach u things ?
Minor A: I don't know
Subject: Ask him to teach u things before ur mom gets there nd have me on
duo watchin
Minor A: um no
Subject: Y can't I watch?

7

…
Subject: I'm sayin he can teach u stuff so wen ur mom leaves y'all can practice
Minor A: baby but my dad said if I get a boyfriend I he will stalk us
Subject: I got something for him if he do
Minor A: What
Subject: U Kno
Minor A: No
Subject: He better not stalk us I'ma take u somewhere he won't find us
…
Subject: Yes u can buh we never finished I told u once I finish then u'll get ur wish but we have to finish
Minor A: Ok it's just talking long
Subject: It's takin long because ur learning
Minor victim: Learning about what
Subject: I was teaching u the best way to masterbate bae
…
Subject: Let's get back to wea we was doin
Minor A: Ok you
Subject: Stand up nd strip
Minor A: Ok
Subject: Set the phone tho
Subject: Strip bae
…
Subject: Ight strip babe
Minor A: I am
Subject: I Wana watch
…
Subject: Spit on ur fingers bae
Minor A: I will
Subject: Rub it
Minor A: Up and down
Minor A: Or not
Subject: Yes buh wet ur fingers
Minor A: I am
Subject: Use the whole hand up nd down
Minor A: Ok
Subject: Like that now faster
Minor A: Ok
Subject: Faster bae
Minor A: How fast
Subject: Lol faster than that
Minor A: Ok
Subject: Bend over on the bed nd do it
Minor A: Ok
Subject: Turn around bend over on the bed nd rub it

Minor A: My butt
Subject: No stand up bend over the bed rub ur pussy
Subject: Open ur legs wider slip two fingers in u
Minor A: Ok
Subject: Push two fingers in nd out of u
Subject: Bae stick two fingers in an out of ur pussy
…
Minor A: Ok
Subject: Fukkk my fones bouta die bae
…
Minor A: Ok then see you naked please
Minor A: I did everything you told me to
Subject: Babe chill I know nd I said I got u for that let this fone charge I got u

12.    The sexually explicit text messages that Minor A's mother found on Minor A's phone, including the messages from the Subject included in paragraph 11 above, came from the Subject Phone Number. Accordingly, FBI concluded that the Subject was using the Subject Phone Number.

13.    FBI subsequently identified ACEVEDO as the Subject and user of the Subject Phone Number based on, among other things, queries to a commercially-available database that indicated that the Subject Phone Number was associated with ACEVEDO; analysis of call detail records from T-Mobile indicating that seven of the top ten callers are individuals who are identified as relatives of ACEVEDO in Department of Corrections records or are identified as "possible relatives" of ACEVEDO in a commercially-available database; and review of records from TikTok and various internet service providers revealing that the user of the TikTok account associated with the Subject Phone Number had logged in to TikTok from various addresses that the commercially-available database indicates belong to ACEVEDO's relatives.

14.    Records maintained by the Sex Offender Registry Board and the Boston Police Department indicate that ACEVEDO is a Level 3 registered sex offender with prior convictions from 2018 (Suffolk County Superior Court docket 1584CR10226) for trafficking of a person for

sexual servitude, extortion by threat of injury, posing or exhibiting a child in state of nudity or sexual conduct, dissemination of matter harmful to minors, dissemination of child pornography, and purchase or possession of child pornography. Acevedo was sentenced on February 13, 2018 to 5-7 years in state prison, and three years of probation to follow, in that case; he is currently on state probation.

15.     Based in part on the foregoing information, on October 19, 2021, I obtained a federal search warrant for the person of ACEVEDO and for an address believed to be ACEVEDO's residence in Jamaica Plain, Massachusetts, for evidence, fruits, and instrumentalities of 18 U.S.C. §§ 2251 and 2252A, 21-MJ-5456 and -5457-JGD. The affidavit submitted in support of those warrants is attached hereto as **Sealed Exhibit A**.

16.     Agents, with the assistance of local law enforcement, executed the search warrant for ACEVEDO's person on October 20, 2021, at about 7:20 a.m. ACEVEDO was initially handcuffed for agent safety, but handcuffs were removed after the search. Agents did not locate the Moto e6 described in Sealed Exhibit A on ACEVEDO's person.

17.     After being advised of and executing a written waiver of his Miranda rights, ACEVEDO agreed to speak with agents. The waiver and interview were recorded; the following statements are summary in nature.

18.     ACEVEDO admitted that he had, until recently, owned a cell phone, but stated that he lost the cell phone at work a few weeks prior. He claimed that it had been a Metro phone, with phone number (XXX) XXX-0470.[9]

---

[9] Particularly in light of the later admissions described below, I believe that ACEVEDO was lying about the phone number to conceal incriminating information.

19.     Agents asked ACEVEDO about his TikTok and other social media accounts. ACEVEDO admitted to having Snapchat, Instagram, and Facebook, but denied having TikTok.[10]

20.     ACEVEDO admitted to having a Google account and stated that he had used Google Duo a couple of times.

21.     In the interview with agents, ACEVEDO was shown the text message chain excerpted in paragraph 11 above. In this interview, ACEVEDO denied ever chatting with a child online and asking them to do sexual things or asking a child to send him naked photos. He claimed to have never seen child pornography.[11]

22.     After the interview with the agents concluded, ACEVEDO consented to participate in a polygraph examination and signed both a Consent to Interview with Polygraph form and an Advice of Rights form.   He then participated in a pre-polygraph interview, a polygraph examination, and a post-polygraph interview.  The post-polygraph interview was recorded.  The following statements are summary in nature.

23.     In the pre-polygraph interview, ACEVEDO again was asked about the text message chain excerpted in paragraph 11 above.  He initially denied participating in that text message exchange, but eventually admitted that he had sent the messages included in that exchange, but said it was "just for rec" [recreation].  He stated that after he got out of jail, he was looking for someone to be with and had talked to a lot of girls on various social media apps, although he denied ever using TikTok.  He said his communication with the minor in the text exchange did not start out as sexual in nature.  However, he stated that when he realized that she was not interested in a

---

[10] Again, I believe that he was lying about TikTok to conceal incriminating information.

[11] Again, particularly in light of the admissions described below, I believe these were lies designed to conceal incriminating information.

relationship, and after she had informed him that she was 13 years old, ACEVEDO instructed her to take her clothes off while they were video chatting so he could see her naked from the front and from the rear and instructed her how to masturbate.

24.     During the pre-polygraph interview, ACEVEDO made and signed a written statement, which included the following admissions:

> In approximately May 2021, I met a girl through an online app on my phone, and had an online relationship with her for a month or a month and a half where we would chat a couple times a day, but nothing serious and I do not remember her name.
>
> After a couple weeks when we both felt comfortable with each other, she told me that she was thirteen years old. About a week or two after that, when I realized that she was not interested in a relationship with me, I asked her to take naked pictures of herself and send them to me which she did. I asked her to take pictures of the front of her body naked and the back of her body naked. She ended up sending me three pictures of herself naked. Two of the pictures were of the front of her body completely naked and one was of her backside completely naked. She sent those pictures to me through the app that we were using but I do not remember which app we used.

25.     After making these admissions, and after the polygraph examination and post-polygraph interview, ACEVEDO was arrested by local law enforcement and charged in state court with posing/exhibiting a child in a sexual act in violation of M.G.L. c. 272, § 29A(b) and trafficking of a person for sexual servitude in violation of M.G.L. c. 265, § 50(a). *Commonwealth v. Hector Acevedo*, 2106CR001082 (West Roxbury Division of Boston Municipal Court).   An arrest warrant was also issued in connection with the violation of his terms of probation out of Suffolk Superior Court. *Commonwealth v. Hector Acevedo,* 1584CR10226 (Suffolk Superior Court).

26.     Agents, with the assistance of local law enforcement, also executed the residential search warrant on October 20, 2021 at about 8:15 a.m.  A female adult ("Person 1")[12] opened the door to the residence.

27.     Agents did not locate the Moto e6 described in Sealed Exhibit A at the residence. Agents located a black TCL Android smartphone and a black Lenovo Android tablet at the residence with ACEVEDO's belongings.  Forensic review of these devices is pending.

28.     After being advised of and executing a written waiver of her Miranda rights, Person 1 agreed to speak with agents. The waiver and interview were recorded; the following statements are summary in nature.

29.     Person 1 stated that ACEVEDO is her cousin.  ACEVEDO moved into her home at Creighton Street in January 2021, and stays with her and her two minor daughters sporadically, sleeping in the living room.  She confirmed that ACEVEDO had the WiFi password to use her Verizon WiFi, and that no one besides herself and ACEVEDO had that password.  She stated that about three weeks prior to the search warrant execution, ACEVEDO had lost his cell phone. She stated that he used to have a different phone, which did not work, and stated that he also had a tablet which he would use at her home.

30.     Person 1 stated that ACEVEDO's most recent cell phone number was (XXX) XXX-0460 (*i.e.*, the Subject Phone Number).  She showed law enforcement the contact saved in her phone for ACEVEDO. The contact was saved as "Cousin Tony," and the phone number listed was the Subject Phone Number.  Person 1 explained that "Tony" is a nickname for Hector in Spanish.

---

[12] The identity of Person 1 is known to law enforcement but not included here to protect her privacy.

## CONCLUSION

31.     Based on all of the foregoing, I submit that there is probable cause to believe that on or around May 17, 2021, ACEVEDO employed, used, persuaded, induced, enticed, and coerced a minor, "Minor A" (YOB 2007), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. §§ 2251(a) and (e).

_Virginia Benda_
Virginia Benda
Special Agent
Federal Bureau of Investigation

Sworn to via telephone pursuant to Fed. R. Crim. P. 4.1 this 15th day of November, 2021.

_N.C. Boal_
HON. JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE



14